UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY STEVEN LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:21-cv-360-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S STIPULATED MOTION FOR ATTORNEY'S FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>(Doc. No. 17)<br><br>RESCINDING UNAUTHORIZED ORDER[1]<br><br>(Doc. No. 14) |

　　　Pending before the Court is Plaintiff's stipulated motion for attorney's fees filed September 28, 2021. (Doc. No. 17).  Plaintiff seeks attorney's fees in the amount of $448.85 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id*.).

　　　On September 27, 2021, the district court granted the parties' Stipulation for Voluntary Remand pursuant to Sentence Four of 42 U.S.C.  § 405(g) and reversed and remanded the case to the Commissioner for further administrative proceedings. (Doc. No. 15).  The Clerk entered

---

[1] The undersigned rescinds her unauthorized September 24, 2021 order (Doc. No. 14) approving the parties' stipulated remand as the parties had not consented to the undersigned.  28 U.S.C. § 636(c)(1).  On September 27, 2021 the district court entered an order giving effect to the parties' stipulation for which judgment was entered.  (Doc. Nos. 14, 15).

judgment in favor of Plaintiff on that same day. (Doc. No. 16). Accordingly, as the prevailing party, Plaintiff now requests an award of fees. *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

The Commissioner does not oppose the requested relief. (*See* Doc. No. 17 at 1). After issuance of an order awarding EAJA fees and costs, however, the United States Department of the Treasury will determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

Accordingly, it is **ORDERED:**

1. Plaintiff's stipulated motion for attorney's fees (Doc. No. 17) is **GRANTED**.

2. Plaintiff is awarded fees in the amount of $448.85 (four hundred forty-eight dollars and eighty-five cents). Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated:  September 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE